Pratt, J.
Under the charge of the court the jury must have found either that the defendants insured the place as an unoccupied house, in which case they are clearly bound to pay the loss; or that at the time notice was given of the house last becoming vacant, the agent waived the right to forfeit the policy and consented to carry the risk.
The testimony would justify either conclusion, and in either case the plaintiff was entitled to a verdict.
There is no preponderance of evidence in favor of the defendants. On the contrary, it seems established that the house was vacant when insured, and *892 that it remained vacant for a year, which strongly sustains plaintiff’s claim that the house was insured as vacant property.
Both parties agree that plaintiff was to get a tenant when he could, but it can well be claimed on the evidence, that he assumed no obligation to find a tenant, and that the insuarnce should, in either event, be valid and binding.
We do not think the language of the parties at the time notice was last given, should be subjected to a strict construction. -
The agent had once before insured the house for five years; the present policy was for three years; it had twice been vacant during the last policy and no forfeiture declared, and the whole case supports the theory of the plaintiff that the validity of the policy was not by either party supposed to depend on the house being occupied.
Judgment affirmed with costs.
Baenabd, P. J., not sitting.